**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RENEE S.,[1]                                          Case No. 2:25-cv-276

          Plaintiff,
                                                     Bowman, M.J.
    v.


COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

**MEMORANDUM OPINION AND ORDER[2]**

Plaintiff Renee S. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error for this Court's review. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability is **REVERSED and REMANDED**, because it is not supported by substantial evidence.

### I. Summary of Administrative Record

On August 7, 2015, Plaintiff filed an application under Title II for a period of disability and disability insurance benefits, alleging disability beginning on June 25, 2014. Plaintiff's claim was denied initially and on reconsideration. Plaintiff appealed to the Appeals Council, which vacated the ALJ decision and remanded the case to another ALJ for further proceedings on October 24, 2019.

---

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

[2]The parties have consented to disposition by the undersigned magistrate judge. *See* 28 U.S.C. § 636(c).

1

On June 14, 2021 a second ALJ issued an unfavorable decision. Plaintiff appealed to the United States District Court, which remanded the case on September 26, 2023.

On October 31, 2024, Plaintiff appeared with counsel and testified at a telephonic hearing before Administrative Law Judge ("ALJ") Patrick Horan. A vocational expert also testified. On January 17, 2025, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled. Plaintiff subsequently filed this judicial appeal, challenging the ALJ's decision.

Plaintiff was born in 1975 and was 44 years old on the date last insured. (Tr. 1697). She has at least a high school education, no past relevant work, and did not engage in substantial gainful activity from June 25, 2014 through December 31, 2019, the period from her alleged onset date to her date last insured. (Tr. 1681, 1697).

Based on the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease, fibromyalgia, anxiety, depression, and obesity." (Tr. 1681). Considering Plaintiff's impairments individually and in combination, the ALJ determined that none met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 1682). The ALJ determined that, despite these impairments, Plaintiff retains the residual functional capacity ("RFC") to perform light work subject to the following exceptions:

> she can occasionally reach overhead bilaterally; frequently climb ramps or stairs but never ladders, ropes, or scaffolds; frequently stoop; occasionally kneel, crouch, and crawl; and never work at unprotected heights or around moving mechanical parts. Mentally, the claimant can understand, remember, and carry out simple instructions without a specific production rate requirement (i.e. assembly line work); occasionally interact with supervisors, coworkers and the public; and tolerate occasional changes in a routine work setting.

2

(Tr. 1686). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff could perform other jobs that exist in significant numbers in the national economy, including the representative occupations of garment sorter, inspector, and nut and bolt assembler. (Tr. 1698). The ALJ concluded that Plaintiff was not disabled from June 25, 2014 through December 31, 2019. (*Id.*).

In this case, Plaintiff contends that the ALJ erred by relying upon a lack of objective evidence to reject Plaintiff's subjective allegations due to fibromyalgia and failing to reconcile and explain inconsistencies in evidence.  (*See* Doc. 10).

## II.  Analysis

### A.  Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's

denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 139 S. Ct.1148, 1154 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must

present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B.  The ALJ's RFC Finding is not Supported by Substantial Evidence**

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff contends that the ALJ relied upon a lack of objective evidence to reject Plaintiff's subjective fibromyalgia-related complaints. Plaintiff further contends that the ALJ failed to explain inconsistencies in the evidence, including opinions which were given weight but not incorporated into the RFC. (Doc. 10).

A claimant's RFC is an assessment of "the most a [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2012). An RFC assessment must be based on all the relevant evidence in the case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 416.913(a)(1)– (5).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004)). However, the ALJ still has an obligation to consider all of the evidence before him and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96-8p, 1996 WL 374184, *7 ("The RFC

assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence ...").

The Sixth Circuit has found that the administrative law judge's residual functional capacity finding does not need to correspond to a particular physician's opinion. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the argument that the administrative law judge is required to base her determination on a physician's opinion). As such, no bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019).

The Court finds the ALJ's RFC determination is not supported by substantial evidence in this case, as the RFC is inconsistent with the limitations found warranted by the ALJ in his decision.

Specifically, in formulating the RFC in this case, the ALJ considered the opinion evidence of the state agency medical consultants at the initial and reconsideration levels. The ALJ noted that in both instances the agency consultants found that Plaintiff was limited to the light level of exertion.[3] Gerald Klyop, M.D. determined that Plaintiff was capable of standing/walking for a total of four hours and could sit for about six hours in an eight hour workday. Klyop further opined that Plaintiff could frequently balance and stoop and occasionally kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, or scaffolds. (Tr. 80, 1693). At the reconsideration level, James Cacchillo, D.O., found

---

[3] Review of the record indicates that Klyop in fact found that Plaintiff was limited to sedentary maximum sustained work capacity. (Tr. 83).

6

Plaintiff somewhat less limited, finding that Plaintiff could stand/walk and sit for a total of six hours and rating Plaintiff's climbing and balancing abilities at unlimited. (Tr. 92-93, 1693).

The ALJ found the opinions entitled to some weight. In light of additional evidence in the record and "persuasive testimony" from Plaintiff, the ALJ determined that Plaintiff's physical limitations are more limiting than found by the consultants and limited Plaintiff to "the sedentary level of exertion." (Tr. 1693).[4] However, the ALJ neglected to include a sedentary limitation in the formal RFC, instead concluding that Plaintiff retains the RFC to perform light work and relying on representative light work occupations at step five.[5]

The ALJ's failure to explain why the sedentary limitation was not included in Plaintiff's RFC constitutes error. *See Grody v. Comm'r of Soc. Sec.*, No. 3:16-cv-188, 2017 WL 3261780, at *4 (S.D. Ohio Aug. 1, 2017) ("An ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably."). *See also Marshall v. Comm'r of Soc. Sec.*, No. 3:14-cv-465, 2015 WL 7273113, at *6 (S.D. Ohio Nov. 17, 2015) (remanding where the ALJ failed to explain why certain limitations were not included in the RFC finding despite weighing the opinion favorably); *Moore v. Comm'r of Soc. Sec.,* No. 2:14-cv-455, 2015 WL 5675805, at *7 (S.D. Ohio Sept. 28, 2015) (same).

---

[4] The ALJ determined that: "Consistent with the ongoing nature of the claimant's physical conditions, the required treatment and the side effects thereof, in the context of her obesity, I find the claimant's musculoskeletal and fibromyalgic pain also supported some manipulative an environmental limitations through the date last insured. Given the totality of the record I find the claimant was further limited to sedentary level of exertion." (Tr. 1693).

[5] A sedentary exertional range is generally associated with sitting for about six hours in an eight hour workday, while the full range of light work requires standing or walking, on and off, for a total of approximately six hours in a workday. *See Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 172 (6th Cir. 2016); *Blackburn v. Comm'r of Soc. Sec.*, 748 F. App'x 45, 48 (6th Cir. 2018).

In the absence of any explanation as to why the ALJ did not incorporate the sedentary limitation into the RFC, the Court is unable to conduct a meaningful review to determine whether the decision is supported by substantial evidence. *See, e.g.*, *Sullivan v. Comm'r of Soc. Sec.*, No. 1:14-cv-344, 2015 WL 667940, at *10 (N.D. Ohio Feb. 17, 2015) ("Since the RFC finding appears to conflict with medical opinions that the ALJ gave 'significant' and 'some' weight to, the ALJ's lack of clear articulation regarding why she did not include additional or more restrictive limitations consistent with those opinions in the RFC leaves the Court unable to conduct a meaningful review to determine whether the decision is supported by substantial evidence.").

Although Defendant contends that the error is harmless because the vocational expert offered testimony regarding sedentary jobs, the ALJ neither incorporated a sedentary limitation into the RFC nor relied on such testimony at step five. Accordingly, the Court cannot determine whether the ALJ would have reached the same conclusion, and meaningful review is not possible.  The Court may not affirm on the basis of post hoc rationalizations.

As this case is being remanded on other grounds, the Court need not address Plaintiff's argument that the ALJ improperly rejected Plaintiff's subjective allegations of fibromyalgia-related symptoms based on a lack of objective medical evidence. On remand, the ALJ should consider that argument and make any required adjustments to the opinion.

### III. Conclusion and Order

A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's

conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of his alleged onset date.  *Faucher*, 17 F.3d at 176.

Accordingly, **IT IS ORDERED THAT** Defendant's decision be **REVERSED AND REMANDED** under sentence four for further proceedings consistent with this opinion. As no further matters remain pending for the Court's review, this case is **CLOSED**.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge